IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

                Petitioner,

       v.                                    CASE NO. 20-3276-SAC

BUTLER COUNTY DISTRICT COURT, et al.,

                Respondents.

## MEMORANDUM AND ORDER

This matter is an action for declaratory judgment filed by a prisoner in state custody. Petitioner proceeds pro se, and the Court has liberally construed the Petition and attachments in conducting an initial review of the pleading. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (a court must construe pro se pleadings liberally but does not serve as pro se party's advocate).

### Petition

Petitioner's pleading (titled "Motion for Declaratory Judgment") presents a set of facts based on one of his state convictions. He states that he plead guilty to battery of a law enforcement officer based on the delusional belief that he punched the officer. He alleges he was forced to plead guilty because his appointed attorney refused to pursue a defense of mental disease or defect. At some point not specified by Petitioner, he saw a DVD of the incident, which reportedly shows he did not punch the officer or otherwise commit battery. Petitioner filed a motion to withdraw his plea, but it was denied by the state court because it was filed out of time.

Petitioner asks the Court to answer the following question based on those facts: "Can [Petitioner], an innocent person, be procedurally barred for reversal of conviction even though he has proven as <u>FACT</u> his innocence?" ECF No. 1, at 2. He states his belief that forcing an innocent person to serve a 122-month prison sentence because of a non-jurisdictional procedural rule violates his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. *Id*.

Dudley also filed a Motion to Correct Clerical Error after his pleading was coded by the clerk's office as a Petition for Writ of Habeas Corpus. Petitioner states, "If [Petitioner's] Declaratory Judgment Motion is considered as a habeas corpus action [Petitioner's] Motion will be dismissed because of failure to exhaust state court remedies." ECF No. 4, at 2. He therefore asks that the action be titled as a motion for declaratory judgment.

## Statutory Screening of Prisoner Litigation

The Court is required to screen actions brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the pleading to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

## Screening

Dudley insists his pleading is an action for declaratory judgment, not a habeas corpus action, and refers to "the applicable Declaratory Judgment statute." ECF No. 4, at 1. However, the Declaratory Judgment Act, 28 U.S.C. § 2201, is not "an independent basis for federal subject

matter jurisdiction." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012); *see also Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950).  That Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  *See also* Fed. Rule Civ. Proc. 57.  Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute.  *Heydon v. MediaOne of S.E. Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003).

The underlying "controversy" between Petitioner and Respondents is whether Dudley is entitled to federal habeas relief setting aside his sentence or conviction obtained in the Kansas courts.  The jurisdictional basis for federal court review of a state conviction is a challenge brought pursuant to 28 U.S.C. § 2254.  For this reason, this matter was properly coded by the clerk's office as a habeas corpus action, and Dudley's Motion to Correct Clerical Error (ECF No. 4) is denied.

Petitioner insists he is not bringing a habeas corpus action but merely seeks a declaration as to the constitutionality of a procedural rule related to challenging a state conviction.  In *Calderon v. Ashmus*, 523 U.S. 740, 746-49 (1998), the Supreme Court held prisoners cannot use the Declaratory Judgment Act to address collateral legal issues relating to habeas proceedings.  That is precisely what Dudley's declaratory judgment motion seeks to do, and it fits within the *Calderon* holding: it is an improper attempt to obtain a declaration of law that "would not resolve the entire case or controversy [regarding Dudley's conviction and sentence] ..., but would merely determine a collateral legal issue governing certain aspects of [his] pending or future [habeas proceedings]." *Id.* at 747; *see also Weldon v. Pacheco*, 715 F. App'x 837, 843–44 (10th Cir. 2017).

Dudley's asserted reason for attempting to bring this action rather than filing a habeas petition is to avoid having to exhaust his state remedies first.  This very strategy was rejected by the Supreme Court in *Calderon*: "[I]f respondent Ashmus is allowed to maintain the present action, he would obtain a declaration as to the applicable statute of limitations in a federal habeas action without ever having shown that he has exhausted state remedies. This aberration illustrates the need, emphasized in *Coffman* and *Wycoff,* to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution." *Calderon*, 523 U.S. at 748.

The Court concludes that "this action for a declaratory judgment is not a justiciable case within the meaning of Article III." *See id*. at 749.  Consequently, Petitioner fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this matter is dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Clerical Error (ECF No. 4) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 12th day of April, 2021, at Topeka, Kansas.

    s/_Sam A. Crow_____
    **SAM A. CROW**
    **U.S. Senior District Judge**